1

2

3

4          UNITED STATES DISTRICT COURT

5          DISTRICT OF NEVADA

6                     * * *

7   TELEPET USA, INC.,                    Case No. 2:15-CV-846 JCM (GWF)

8                            Plaintiff(s),            ORDER

9          v.

10  QUALCOMM INCORPORATED,

11                           Defendant(s).

12

13          Presently before the court is defendant Qualcomm Incorporated's ("Qualcomm") motion

14  to compel arbitration and to dismiss. (Doc. #22). Plaintiff Telepet USA, Inc. ("Telepet") filed a

15  response (doc. # 30), and Qualcomm filed a reply. (Doc. #37).

16          Also before the court is plaintiff Telepet's motion for leave to file a supplemental

17  opposition to defendant's motion to compel arbitration. (Doc. # 67). Defendant Qualcomm filed

18  a response. (Doc. # 68).

19  **I. Background**

20          This case arises from the parties' dispute over a settlement agreement which sought to

21  resolve a patent infringement claim. (Doc. # 22 at 3). In 2008, 2011, and 2012, Plaintiff Telepet

22  received three U.S. patents for its pet tracking product. (Doc. # 1 at 5, 7). In mid-2011, Qualcomm

23  introduced a pet tracking product ("Tagg") to the market through its wholly-owned subsidiary,

24  Snaptracs, Inc. (*Id.*). Telepet told Qualcomm it believed the Tagg product infringed upon Telepet's

25  patents, and the companies entered into discussions to develop a joint venture. (*Id.* at 5–6).

26  However, in May 2012, the parties met in Las Vegas, Nevada, and Qualcomm notified Telepet

27  that there was no need to do business with Telepet, as it was already making sales off of its Tagg

28  product. (*Id.* at 6–7).

James C. Mahan
U.S. District Judge

On January 14, 2013, Telepet filed suit against Qualcomm in the U.S. District Court for the District of Nevada (no. 2:13-cv-00063-GMN-CWH) for patent infringement. (*Id.* at 7). The parties entered into a settlement agreement on June 7, 2013, resolving the case. (*Id.*). The terms of the agreement provided that all disputes arising out of the settlement agreement would be resolved by binding arbitration. (Doc. # 22 at 6).

On February 10, 2014, plaintiff filed suit against defendants in the Eighth Judicial District Court, Clark County, Nevada ("2014 case"). (Doc. # 1 at 2). Defendants removed the action to federal court on April 14, 2014 (no. 2:14-cv-00568-GMN-PAL). (*Id.*). On April 23, 2014, defendants filed a motion to compel arbitration. (*Id.*). The court granted defendants' motion on December 3, 2014, and closed plaintiff's case without prejudice. (*Id.*). On May 9, 2014, defendants commenced arbitration proceedings before the American Arbitration Association ("AAA") in San Francisco, California (no. 01-27-14-000-3876), and plaintiff filed its counterclaim in those proceedings. (*Id.*). The parties paid deposits with AAA in January 2015. (*Id.*). Plaintiff claims that it was unable to make the necessary remaining payments to AAA and AAA closed the parties' case on March 19, 2015. (*Id.* at 2–3).

Plaintiff then brought the instant case against defendants, asserting four identical causes of action as its 2014 complaint, while adding a claim for breach of contract and failure of condition precedent. (Doc. # 1). Defendants filed the instant motion to compel arbitration and to dismiss plaintiff's claims because the parties' settlement agreement contains a binding arbitration provision and the parties have not yet participated in arbitration. (Doc. # 22 at 2).

**II. Legal Standards**

   **A.   Res judicata**

The doctrine of res judicata bars a plaintiff from reasserting claims that have already been adjudicated. *Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1320 (9th Cir. 1992); *McClain v. Apodaca,* 793 F.2d 1031, 1033 (9th Cir. 1986). Further, claims based on the same "transactional nucleus of facts" which "could have been asserted, whether they were or not, in a prior suit between the same parties" are barred under res judicata. *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir. 1982).

James C. Mahan
U.S. District Judge

- 2 -

**B. Compel arbitration**

In deciding whether to compel arbitration under the Federal Arbitration Act ("FAA"), a district court's role is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir 2008) (internal quotations and citation omitted). The FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67–68 (2010). Though the FAA promotes a strong policy favoring arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 923 (9th Cir. 2010) (internal quotations and citation omitted).

FAA § 2 states in relevant part:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

FAA § 4 states in relevant part:

> [A]ny United States district court which, save for [the arbitration] agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties . . . . [U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

"If the court finds that an arbitration clause is valid and enforceable, the court should stay or dismiss the action to allow the arbitration to proceed." *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 940 (9th Cir. 2009) (*quoting Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1276–77 (9th Cir. 2006)).

**III. Discussion**

Defendants state that the issues raised by the plaintiff have already been decided in the 2014 case in which the parties were ordered to participate in arbitration. (Doc. # 22 at 7–8). The

James C. Mahan
U.S. District Judge

court construes the defendants' statements as a claim that res judicata bars this court from reviewing plaintiff's claims. The doctrine of res judicata bars a plaintiff from reasserting claims that have already been adjudicated. *Clark,* 966 F.2d at 1320.

Not only have the same defendants been named in plaintiff's 2014 case, but the very same claims and identical arguments have been previously dismissed. Plaintiff's 2014 complaint stems from the same challenges to the validity of the settlement agreement between the parties and involve the same "transactional nucleus of facts" as the present litigation. (Doc. # 22 at 9). As these issues have already been decided, the doctrine of res judicata precludes plaintiff from bringing them before this court.

The binding arbitration provision contained in the parties' settlement agreement requires that any disputes arising out of the settlement agreement be resolved through arbitration. (Doc. # 22 at 3). Plaintiff argues that it is not bound by the arbitration clause and is free to bring its claims challenging the settlement agreement before this court because it has asserted grounds for rescission. (Doc. # 30 at 6). Specifically, plaintiff alleges that it entered into the settlement agreement with defendants due to fraud and misrepresentation by the defendants. (*Id.* at 9).

Even if res judicata did not apply, a challenge to the validity of a contract containing an arbitration agreement should be brought before an arbitrator, not a court. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006). Furthermore, the individually-named defendants in plaintiff's suit are bound by the arbitration agreement because of their agency relationship with defendant Qualcomm. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006).

The primary difference between plaintiff's instant case and its 2014 case is plaintiff's additional claim that, if this court grants defendants' motion to dismiss, it will be left without a forum to hear its claims and seek relief because it cannot afford the necessary deposits to proceed with the arbitration proceedings. (Doc. # 30 at 14). The issue of payments due to the arbitrator is not an issue for this court to decide; the arbitrator may adjust the payment of costs in light of circumstances. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1013 (9th Cir. 2004). . . .

James C. Mahan
U.S. District Judge

- 4 -

**IV. Conclusion**

The court finds that the plaintiff must bring its claims before an arbitrator consistent with the parties' arbitration agreement. Further, any issues regarding the requirement of advance deposits by the parties are for the arbitrator to decide. Finally, plaintiff's motion for leave to file a supplemental opposition to defendants' motion to compel arbitration is denied as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to compel arbitration and to dismiss (doc. # 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file supplemental opposition to defendants' motion to compel (doc. # 67) be, and the same hereby is, DENIED as moot.

The clerk shall enter judgment accordingly and close the case.

DATED November 24, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -