UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TELEPET USA, INC., | Case No. 2:15-CV-846 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| QUALCOMM INCORPORATED, | |
| Defendant(s). | |

Presently before the court is defendants' motion to reconsider.  (ECF No. 82).

On October 24, 2016, Magistrate Judge Foley denied defendants' motion for oral argument, finding that defendants' underlying motion for sanctions was no longer pending as the case was terminated on November 24, 2015.  (ECF No. 81).  Defendants now move for reconsideration of the October 24th order.  (ECF No. 82).

A motion for reconsideration "should not be granted, absent highly unusual circumstances."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).  A motion for reconsideration "may not be used to raise arguments .

**James C. Mahan**
**U.S. District Judge**

1  . . for the first time when they could reasonably have been raised earlier in litigation." *Kona*
2  *Enters., Inc.*, 229 F.3d at 890.
3       In the instant motion, defendants argue that the magistrate's finding was erroneous because
4  the court retained jurisdiction over their motion even after the case terminated. (ECF No. 82 at 2).
5       As Magistrate Judge Foley correctly found, the court dismissed the case in its order entered
6  on November 24, 2015, and defendants' motion for sanctions is no longer pending. (ECF Nos. 72,
7  81). Thus, the magistrate did not err in denying defendants' motion for oral arguments on a motion
8  that was no longer pending before the court. Further, defendants' motion for oral argument (ECF
9  No. 80) was filed as a separate motion requesting a hearing in violation Local Rule 78-1, which
10 states that "[p]arties must not file separate motions requesting a hearing."
11      Accordingly,
12      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to
13 reconsider (ECF No. 82) be, and the same hereby is, DENIED.
14      DATED December 8, 2016.

                                                             UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**